```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA
```
                                                                NOT FOR PUBLICATION
    -against-                                **MEMORANDUM & ORDER**
                                                                21-CR-47 (CBA)
MALIK ALLEYNE,

               Defendant.
----------------------------------------------------------x

**AMON, United States District Judge:**

       The government has moved for an order unsealing a limited set of minutes from the grand jury proceedings in the defendant's related state-court criminal case. The defendant, Malik Alleyne, joins the government's request for disclosure. The Richmond County District Attorney ("RCDA") does not oppose the request.

## BACKGROUND

       This case arises from a shooting that occurred on July 12, 2020 in Staten Island. The defendant, Malik Alleyne, was arrested on November 20, 2020, and the RCDA charged him with Attempted Murder, Criminal Possession of a Weapon in the Second Degree, and related charges. The charges were brought following a state-court grand jury indictment. On January 25, 2021, Alleyne was indicted in federal court. On January 27, 2021 he was arraigned on that indictment, which charged one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A). The RCDA subsequently dismissed the state charges in favor of the federal prosecution. Alleyne then moved to suppress identification and statement evidence, including statements allegedly made to New York City Police Department Detective Stephen Furno. A

1

suppression hearing is scheduled for June 14, 2021. The government anticipates calling Detective Furno as a witness at that hearing.

On June 10, 2021, the government filed an ex parte application seeking an order to unseal and obtain portions of the minutes from Alleyne's state grand jury proceedings. Specifically, the requested order would unseal "[a]ny and all grand jury minutes associated with People v. Malik Alleyne, Richmond County Indictment Number 228-2020 reflecting the testimony of New York City Police Department Detective Stephen Furno." The government filed the application in light of "the upcoming suppression hearing and its ongoing disclosure obligations." Alleyne joins the government's application, contending that the grand jury minutes are subject to disclosure under the Jencks Act, 18 U.S.C. § 3500. The RCDA does not oppose the application. As stated in the application, the government first requested that the state court—the Supreme Court of the State of New York, County of Richmond—issue an order unsealing these grand jury minutes. That motion was denied on May 25, 2021 by the Honorable Wayne M. Ozzi. The government then moved the Honorable James R. Cho, United States Magistrate Judge, for an order unsealing the grand jury minutes. On May 28, 2021, Judge Cho denied the motion without prejudice to renew.

This application followed. I respectfully disagree with the decisions of Judges Ozzi and Cho, and for the reasons set forth below, grant the application.

## STANDARD OF LAW

A movant seeking to unseal grand jury documents must demonstrate a "particularized need" for the information to be unsealed. United States v. Procter & Gamble, 356 U.S. 677, 683 (1958). This requires showing that "(a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed." Cullen v. Margiotta, 811 F.2d 698, 715 (2d Cir.

1987). A particularized need may be established where grand jury materials are required "to impeach a witness, to refresh his recollection, to test his credibility and the like." Procter & Gamble, 356 U.S. at 683; United States v. Doe, 760 F.2d 436, 439 (2d Cir. 1985).

## DISCUSSION

As a threshold matter, the government satisfied its obligation to first request the relief it seeks in state court. Courts in this Circuit generally require a movant seeking to unseal state-court grand jury documents to first move for relief in state court, in the interests of comity. See Harewood v. Braithwaite, No. 09-CV-2874, 2013 WL 3863905, at *1 (E.D.N.Y. July 23, 2013) (collecting cases); Palmer v. Estate of Stuart, No. 02 Civ. 4076, 2004 WL 2429806, at *2–3 (S.D.N.Y. Nov. 1, 2004). Here, the government discharged its duty by first moving the Supreme Court, Richmond County, for the requested relief. That the state court denied the application does not deprive me of the ability to nonetheless grant the application if it is meritorious. Doe, 760 F.2d at 439 (noting that the "ultimate resolution of [a] disclosure motion cannot be placed in the hands of the state court" (internal alteration and quotation marks omitted)); Ross v. City of New York, No. 16-CV-0813, 2017 WL 455410, at *1 (E.D.N.Y. Feb. 2, 2017); Frederick v. New York City, No. 11 Civ. 469, 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012); Scheiner v. Wallace, No. 93 Civ. 62 (RWS), 1995 WL 753931, at *5 (S.D.N.Y. Dec. 19, 1995) ("This Court, then, must determine whether or not to compel disclosure . . . mindful of this Court's own greater knowledge of the particular need in the action at bar . . . ."). For the following reasons, the application is meritorious.

First, a possible injustice would result from not allowing this limited disclosure. That is because the disclosure is required for the government to fulfill its obligations under the decision of the United States Supreme Court in Brady v. Maryland, 373 U.S. 83 (1963), and 18 U.S.C.

§ 3500. The Second Circuit has stated that the Jencks Act, 18 U.S.C. § 3500, "entitles a defendant to the grand jury testimony of a government trial witness without any preliminary inspection for usefulness by the trial judge." United States v. Rodriguez, 482 F.2d 807, 813 (2d Cir. 1973); see also United States v. James, 609 F.2d 36, 48-49 (2d Cir. 1979) (assuming that "grand jury testimony in North Carolina should have been turned over to the defendants [in a New York federal case], as material covered by the Jencks Act, 18 U.S.C. § 3500"); United States v. Snyder, 740 F. App'x 727, 729 & n.1 (2d Cir. 2018) ("grand jury testimony in a Rhode Island child pornography prosecution . . . may be covered by the [Jencks] act").  The government here intends to call Detective Furno at the upcoming suppression hearing. The minutes of his testimony to the grand jury may provide the defendant's only ability to "impeach the credibility of the [witness], and to refresh [his] recollections." Rhooms v. New York, No. 11-CV-5910, 2014 WL 4385856, at *1 (E.D.N.Y. Sept. 4, 2014); see also Waterman v. City of New York, No. 96-cv-1471, 1998 WL 23219, at *2 (S.D.N.Y. Jan. 13, 1998) (recognizing that impeachment material can justify unsealing).  These minutes fall within the government's disclosure obligations, and it is plain that injustice could result from the government's failure to comply with those disclosure obligations.

   The second element of a "particularized need"—that the need for disclosure outweighs the need for secrecy—is also satisfied here.  The usual reasons given for grand jury secrecy are as follows:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who

4

> is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 219 n.10 (1979) (first alteration original). These concerns carry little weight here, where the grand jury proceedings have already concluded, the charges were brought (then dismissed), and Alleyne is in federal custody. Disclosure will not facilitate any "escape," will not cause anyone to "importune" grand jurors (as their identities will not be revealed in the minutes), will not cause any witness tampering, will not affect the incentive for witnesses to testify before future grand juries, and will not protect Alleyne's name, which has already been publicized by the filing of the state-court charges. See Palmer, 2004 WL 2429806, at *5. The need for secrecy is especially low given that the material to be disclosed reflects the testimony of an officer who will testify in this case. See Dale v. Bartels, 532 F. Supp. 973, 976 (S.D.N.Y. 1982) ("Reasons supporting secrecy where a private citizen testifies to the grand jury and thereafter there is no indictment . . . do not in logic apply to a Government agent."). The need for the government to fulfill its disclosure obligations outweighs the need for secrecy.

The third element—that the request to unseal the material be narrowly tailored—is easily satisfied here. The government requests only the minutes reflecting the testimony of Detective Furno. This is a narrow request tailored to the specific need to disclose information that the defendant might use to cross-examine Detective Furno at the suppression hearing. Because "the request is structured to cover only material so needed," Cullen, 811 F.2d at 715, the third element of the "particularized need" test is satisfied.

In sum, unsealing this limited set of grand jury minutes will avoid a possible injustice by enabling the government to fulfill its disclosure obligations, the minimal need for secrecy here is outweighed by the need for disclosure, and the request to unseal is narrowly tailored to the

5

reasons for granting the application. Accordingly, the government has demonstrated a particularized need to unseal this limited set of grand jury minutes.

## CONCLUSION

For the foregoing reasons, the application to unseal the requested grand jury minutes is GRANTED. The government shall produce these minutes to the defendant no later than 9:00am on June 14, 2021.

    SO ORDERED.

Dated: June 13, 2021
      Brooklyn, New York                       /s/ Carol Bagley Amon
                                                                  Carol Bagley Amon
                                                                  United States District Judge